[Crim. No. 588.    Second Appellate District.—April 23, 1918.]

## THE PEOPLE, Respondent, v. PETER GASTONE, Appellant.

CRIMINAL LAW—MISCONDUCT OF DISTRICT ATTORNEY—DENIAL OF MOTION FOR NEW TRIAL—FINDINGS ON CONFLICTING EVIDENCE—APPEAL. In denying a motion for a new trial in a criminal action, the findings on conflicting evidence as to the alleged misconduct of the district attorney must prevail on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

John L. Richardson, and T. E. Parke, for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of grand larceny. He appeals from the judgment and from an order denying his motion for a new trial.

On behalf of appellant it is claimed that the verdict is contrary to the evidence in that the evidence is not sufficient to support the verdict; that the verdict is "contrary to law in that the evidence taken does not establish as matter of law that the defendant committed the offense found by the jury by the verdict." These contentions are without merit. The testimony of the complaining witness fully described the facts constituting the crime charged and identified the defendant as the guilty person. Our attention is not directed to any errors claimed in the course of the trial, either in the reception or rejection of evidence or in the instructions given to the jury. The facts found as indicated by the verdict of the jury are entirely sufficient to establish the commission of the offense by the defendant.

The only other point made in support of the appeal relates to alleged misconduct on the part of the district attorney at the trial of the case. The defendant testified as a witness in his own behalf. In giving that testimony he stated that at the time of his arrest the complaining witness, Eppick, was present; that Eppick took a picture from his pocket and said, "He is the man." On cross-examination of the defendant the district attorney showed to the witness a photograph and asked if that was the picture which he saw at the time referred to in his direct testimony, and if he had seen that picture before. The witness having replied in the negative to these two questions, the district attorney asked, "Do you know whose picture that is?" The witness replied, "That is me." The district attorney then offered the picture for "identification," but it was not received in evidence and was not referred to any further during the trial.

The defendant moved for a new trial on various grounds, including that of misconduct of the district attorney prejudicial to the defendant occurring during the progress of the trial. In support of this motion affidavits were introduced with respect to the conduct of the district attorney at the time of the above-mentioned cross-examination of the defendant with reference to the photograph. The photograph of the defendant did not show him in prison garb, but it

did have across the breast in plain figures the number, 15,545. In one of the affidavits the affiant referred to a conversation which he said he had with the deputy district attorney after the trial of this case, in which, according to affiant, the deputy district attorney said "that something was brought out on direct examination by counsel for defendant and that he [the said deputy district attorney] had a picture in his file of the defendant taken while the defendant was in custody and that it had a big prison number on it, and that he took the picture and held it in his hand, with the back of his hand toward defendant's attorney and to the court and to the court reporter, but in plain view of the jury; that he held it that way until he walked up to the defendant and asked him the question, 'Is that your picture?'; that upon defendant answering that it was, the deputy district attorney turned to the clerk and asked that it be marked for identification, but that he never intended to introduce it and he never did." The deputy district attorney testified in response to this and the other affidavits which were offered in support of the motion for a new trial, and positively denied the facts thus charged against him. In passing upon the motion for a new trial the court found in favor of the district attorney with respect to the charges involving his alleged misconduct. In view of the conflicting evidence presented, the conclusion of the trial court as to those matters must prevail here.

The judgment is affirmed and the order denying the defendant's motion for a new trial is affirmed.

James, J., and Works, J., pro tem., concurred.